IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cr-286-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     CARISSA ANN CASNER,

    Defendant.

---

## ORDER DENYING MOTION FOR ORDER TO PROVIDE
## NECESSARY DENTAL CARE AND CLOTHING TO DEFENDANT

---

This matter is before the Court on Defendant Carissa Ann Casner's Motion for Order to Provide Necessary Dental Care and Clothing to Defendant ("Motion"). (ECF No. 32.) The Government opposes the Motion and filed a response ("Response"). (ECF No. 34.) After reviewing the Motion and Response, the Court will deny the Motion for the reasons set forth below.

### I. BACKGROUND

Casner pleaded guilty to one count of Mail Theft, 18 U.S.C. § 1708, on December 1, 2021. (ECF No. 32 at 2.) She is currently in federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum and expected to return to state custody at Arapahoe County Jail at the conclusion of her federal matter. (*Id.* at 1–2.) Casner is scheduled to be sentenced before by undersigned on November 4, 2022. (ECF No. 37.)

### A.     Casner's Dental Health

When Casner first arrived at Washington County Jail, where she is now being held, her significant dental issues were noted upon intake. (ECF No. 32 at 2.) Casner was noted as suffering from "[m]ulltiple broken, broken at the gumline, and decaying teeth" and an abscess "on [her] top front gum." (*Id.*) Casner then presented to Brush Dental in Brush Colorado, and her dentist again noted her broken teeth, pain, and other related conditions. (*Id.* at 3.) The dentist at Brush Dental discussed dentures with Casner and how that would entail "full mouth extractions." (*Id.*) Washington County Jail contacted the United States Marshal Service ("USMS") on April 27, 2022 for approval to provide Casner with Dentures. (*Id.*) USMS denied approval because Casner has not been in custody for more than two years,[1] though she was eligible for necessary extractions. (ECF no. 32-2 at 2.)

As of the date of her filing, Casner had been in USMS custody for ten months. (ECF No. 32 at 3.) She has just four teeth and no molars. (*Id.*) Because of this, Casner cannot eat hard or crunchy foods. Despite being unable to chew certain foods, Casner is not provided a soft-foods diet and is instead given the same meals as every other inmate. (*Id.*) To eat the meals Washington County Jail provides, she must soak her food in water before eating. (*Id.*)

### B.     Casner's Lack of Undergarments

Washington County Jail's policy is to make female inmates surrender their

---

[1] USMS's policy is that dental prosthetics (*i.e.*, dentures) will be provided only for inmates who have been in custody for more than two years. (ECF no. 32-2 at 2.)

brassieres due to prior "issues with inmates smuggling drugs and introducing sharp objects into the facility." (ECF No. 32-3 at 2.)  When Casner arrived at Washington County Jail, she was also required to remove her brassiere.  (ECF No.32 at 4.)  Casner and other female inmates are not issued brassieres as part of their uniforms; instead, they can purchase a new brassiere for $20 through the commissary.  (*Id.*)  Washington County Jail compensates for not issuing brassieres to female inmates by including additional t-shirts with their uniforms.  (ECF No. 32-3 at 2.)  Inmates who attempt to avoid purchasing a new brassiere by fashioning makeshift ones out of women's underwear are disciplined and fined $3 from their commissary accounts.  (ECF No.32 at 4.)

For women with larger breasts, like Casner, a brassiere is not merely cosmetic.  (*Id.* at 5.)  There is evidence that lacking the support of a brassiere can lead to changes in posture and potential musculoskeletal pain for women like Casner.  (*Id.*)  Moreover, going without this familiar undergarment is degrading and subjects Casner to "humiliating attention from the largely-male staff at the Washington County Jail."  (*Id.*)

## II. ANALYSIS

Casner argues that being denied dentures and a brassiere negatively affects her health, is demeaning, and is undignified.  She further argues that both of these denials violate the American Correctional Association standards, which USMS is required to comply with under 18 U.S.C. § 4013(b)(2)(B).  (ECF No. 32 at 4, 6–7.)  In other words, Casner argues that the conditions of her confinement are unlawful, and she moves this Court for an Order commanding USMS to improve them.  The Government argues, however, that there lies the rub.

The Government argues the Motion is not the proper vehicle for the relief Casner seeks. (ECF No. 34 at 1.) As an initial matter, the Government points out that Casner has not provided any statute or case that the Court could rest upon to issue the Order she requests.[2] (*See id.*) Further, the Government argues that the proper vehicle for Casner to seek the relief she requests in her Motion is a civil rights action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).[3]

---

[2] While Casner points to the American Correctional Association standards and 18 U.S.C. § 4013(b)(2)(B) to argue her conditions of confinement are unlawful, she does not identify for the Court any source of authority for it to issue the Order she requests. (ECF No. 34 at 1.) Conversely, the Government cites multiple Tenth Circuit cases that arose under similar—though not identical—circumstances indicating that the Court does not have the power to grant a motion for a change in the conditions of confinement brought as part of a criminal case. (*Id.* at 1–2.)

[3] The Government argues a *Bivens* action is the appropriate vehicle for Casner to pursue the relief she seeks; however, the Court notes that an action under 42 U.S.C. § 1983 may also be appropriate. *See United States v. Loera*, 2017 WL 3098257, *38 (June 22, 2017 D.N.M.). The Court does not consider whether Casner should pursue relief via *Bivens* or § 1983—that is a defendant-specific and fact-intensive determination that the Court need not wade into:

> [B]ecause the inquiry whether Loera should assert an Eighth Amendment claim in the vehicle of a § 1983 action or a *Bivens* suit is a defendant-specific inquiry, the inquiry is also fact-intensive. *Bivens* actions are not available against agencies of the federal government. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994). Therefore, to assert a *Bivens* action, Loera must predicate his Eighth Amendment claim on factual allegations regarding a federal agent's specific conduct. *See* []*Meyer*, 510 U.S. at 483-86. *Cf Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, it is insufficient to simply ground a *Bivens* action on the fact that Loera is a federal inmate housed in a state detention Center. *See Henderson v. Thrower*, 497 F.2d at 126 ("[A]greements between the Bureau of Prisons and state officials . . . in no way authorize federal interference with the operation of the prisons or jails. Control of the inmates, state and federal, rests in the local authorities."); *cf. Logue v. United States*, 412 U.S. 521, 530 (1973) ("The Court of Appeals' conclusion that the deputy marshal had no authority to control the

(ECF No. 34 at 1–2) (citing *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006); *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Boyce v. Ashcroft*, 251 F.3d 911, 918 (10th Cir. 2001).) After reviewing the Government's legal authority, the Court agrees that Casner's Motion, brought in the context of her criminal case, is not an appropriate vehicle for the Court to Order the relief she seeks.[4] *Garcia*, 470 F.3d at 1003 ("Because Appellants' claims were raised in motions filed in their respective criminal cases and not in civil rights complaints comporting with the requirements of *Bivens*, they were properly denied by the district court."); *Palma–Salazar*, 677 F.3d at 1035 ("[A] prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

### III. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

Dated this 27th day of October, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

activities of the sheriff's employees is supported by both the enabling statue and the contract actually executed between the parties.").

*Id.*

[4] As pointed out by another district court in this circuit, "[t]he Tenth Circuit has not squarely addressed whether federal pre-trial detainees may challenge their conditions of confinement through a motion in their criminal cases—without bringing separate civil suits." *Loera*, 2017 WL 3098257 at *27 (June 22, 2017 D.N.M.). "The general rule, however, is that a defendant must file a separate civil action to challenge his conditions of confinement." *Id.*